**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4891**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

FELICIA DOUGLAS,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:08-cr-00434-PJM-1)

───────────

Submitted: October 31, 2011      Decided: November 9, 2011

───────────

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James Wyda, Federal Public Defender, Susan A. Hensler, Staff Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Stacy Dawson Belf, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felicia Douglas appeals the fifty-one-month sentence imposed by the district court following her guilty plea to bank fraud, in violation of 18 U.S.C. § 1344 (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5) (2006). On appeal, Douglas contends that the district court erred in calculating the amount of loss attributed to her for Sentencing Guidelines purposes and that the district court's sentence was procedurally and substantively unreasonable. Finding no error, we affirm.

We review for clear error the district court's calculation of the amount of loss. United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). The Government bears the burden of "prov[ing] the amount of loss by a preponderance of evidence." United States v. Pierce, 409 F.3d 228, 234 (4th Cir. 2005). "The [district] court need only make a reasonable estimate of the loss . . . , [and] the court's loss determination is entitled to appropriate deference." U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C) (2009). Upon the record before us, we cannot conclude that the district court clearly erred in estimating that the amount of loss was more than $200,000.

Douglas also argues that the district court's sentence was procedurally and substantively unreasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted)). Upon review, we conclude that the district court fully complied with the mandate of Carter and did not abuse its discretion in imposing a sentence at the bottom of the advisory Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review for properly

3

preserved procedural sentencing error); see also Gall, 552 U.S. at 46.

Once the court has determined there is no procedural error, it must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence imposed is within the appropriate Guidelines range, this court may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). However, "[a] statutorily required sentence . . . is *per se* reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

Douglas' sentence was comprised of a per se reasonable statutorily mandated consecutive sentence on the identity theft charge and a presumptively reasonable within-Guidelines sentence on the bank fraud charge. Douglas fails to overcome the presumption that her sentence on the bank fraud charge was substantively reasonable based upon the totality of the circumstances. Therefore, we conclude that the district court

4

committed no substantive error in sentencing Douglas to fifty-one months' imprisonment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED